PATRICK J. HUGHES ADS. CHARLES B. COOPER.

1. Service of summons upon the tenant in possession is not required by the Ejectment Act. *Rev.,* p. 326.
2. The plaintiff in ejectment may, after the defendant is in court, file his declaration sooner than is required, and serve a copy on the defendant, and if the defendant shall fail to plead or demur thereto in thirty days after such service, judgment may be entered against him.
3. A judgment by default will not be set aside on the ground of surprise and merits, if it appear that the defendant has been guilty of laches.

---

On rule to show cause why a judgment in ejectment should not be set aside.

Argued at February Term, 1877, before Justices DALRIMPLE and WOODHULL.

For the defendant, *Alex. H. Sharp.*

For the plaintiff, *D. J. Pancoast.*

The opinion of the court was delivered by

DALRIMPLE, J.   The motion to set aside the judgment in this case is founded, in the first place, on the ground that the service of summons by the sheriff does not appear to have been made on the tenant in possession.   This is not required by the act.   *Rev., p.* 327, § 6.   The service having been made on the defendant, he cannot complain.   If he is not in actual possession of the premises, the mode in which he may disclaim and be relieved of the action is pointed out by Section 22 of the act referred to.

It is claimed, in the second place, that the judgment is irregular, because entered at the expiration of thirty days from service of copy of declaration.   The contention is, that the provision for service of copy of declaration in personal actions, (*Rev., p.* 865, § 105,) does not apply to actions of ejectment.   But the act concerning the action of ejectment, (*Rev., p.* 327, § 9,) provides that pleadings in ejectment shall be filed within the time limited for filing the same in personal actions, and the practice and proceedings shall be, in all respects, in conformity with the practice in personal actions, so far as the same may be applicable, unless otherwise specially provided.   Reading these two sections together, I think it quite clearly appears that plaintiff in ejectment may, after defendant is in court, file his declaration sooner than is required, and serve a copy on the defendant, and if defendant shall fail to plead or demur thereto in thirty days after such service, judgment may be entered against him.   There is, therefore, no reason shown for setting aside the judgment for irregularity.

The defendant further asks, failing in his motion to set aside the judgment for irregularity, that he be let in to defend, on the ground of surprise and merits.   The defence which he

seeks to interpose is of a strictly legal character. The plaintiff purchased the property in question at sheriff's sale in good faith, for aught that appears to the contrary, and holds a sheriff's deed therefor. The alleged ground of defence is, that the sheriff's sale was invalid, because the advertisement of sale was not published in strict conformity with the act regulating sheriffs' sales. Assuming that this defence is valid, I do not think that the defendant has shown surprise. His allegation is that he did not appear and defend the suit, because his wife and children were sick, and needed his personal attention from the time he was served with process till judgment. It does not appear when he first learned of the alleged defect in the advertisement of sale. He was present at the sale, and then applied for a second adjournment, but made no suggestion of any defect in the sheriff's proceedings. After he was served with the summons in ejectment, it does not appear that he made any effort, by mail, telegraph, messenger or otherwise, to communicate or advise with counsel in reference to the case. I infer from the testimony that he was a resident of the county of Atlantic. Though he may not have been able to leave his family, he could, nevertheless, have availed himself of the services of counsel, and made his defence. He could, at least, have made an effort to do so. If he had made such effort, and failed, his claim upon the favorable consideration of the court might have been stronger. As the case now stands before the court, I do not think the defendant, after his laches, is entitled to have the judgment opened or set aside. His remedy, if any he has, is by application to the court whence issued the execution by virtue of which the property was sold, or by suit in chancery.

The rule to show cause must be discharged, with costs.